ROSE *v.* DUNCAN.

PRACTICE.—*Special Finding.*—Where the court, the record not showing it to have been requested by either party, finds the facts specially and states conclusions of law thereon, a motion for a new trial can raise no question for review as to the correctness of such conclusions.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley*, for appellant.

*C. F. McNutt* and *G. W. Grubbs*, for appellee.

WORDEN, J.—Complaint by the appellant against the

Rose *v.* Duncan.

appellee, alleging, in substance, that on the 2d of March, 1871, the plaintiff sold to the defendant certain real estate, described, at a stated price per acre, amounting in all to the sum of seven thousand two hundred and seventy dollars and sixty-two cents, which sum the defendant agreed to secure by executing to the plaintiff three several promissory notes, with good freehold sureties, bearing ten per cent. interest from date, payable at nine, eighteen, and twenty-four months; that the sale had been duly confirmed by the proper court of common pleas, and that the plaintiff had executed and tendered to the defendant a deed for the property, and demanded that he execute to the plaintiff the notes as stipulated for, but the defendant refuses to do so, though he has had possession of the land continuously since the sale; wherefore, etc. The cause was put at issue and tried by the court. The court, without appearing by the record to have been requested to do so by either party, found the facts specially and stated conclusions of law thereon adverse to the plaintiff. The record, after stating the conclusions of law, proceeds to say, "therefore" the court "found for defendant on the issues in the case." The plaintiff did not except to the conclusions of law stated by the court upon the facts found, but moved for a new trial, assigning as reasons therefor:

" 1. The decision of the court is contrary to the evidence.

" 2. The decision of the court is contrary to the law.

" 3. The decision of the court is contrary to, and not sustained by, the finding of facts by the court.

" 4. The court erred in matter of law upon the trial, in this, that after finding in fact for plaintiff, and such facts as entitled plaintiff to recover in said action, the court, notwithstanding such finding of facts, found for defendant."

The evidence is not in the record, nor is any question presented by the motion for a new trial, unless it be whether or not the court erred in its conclusions of law upon the facts found.

Section 341 of the code, 2 G. & H. 207, provides, that "upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request it, with a view of excepting to the decision of the court upon the questions of law involved in the trial, in which case the court shall first state the facts in writing, and then the conclusions of the law upon them, and judgment shall be entered accordingly."

In *Nash* v. *Caywood*, 39 Ind. 457, it was held by this court that where it did not appear that a special finding was made by the request of one or both of the parties, it must be regarded as nothing more than a general finding, and not within the section of the statute above quoted. If the finding in this case is regarded as only a general one, there is no question presented by the record. The evidence, as before remarked, is not in the record; no error appears to have been committed in the trial of the cause, nor is any reason shown why a new trial should have been granted.

But if the finding were to be regarded as a special one, as contemplated by the section quoted, in order to raise any question as to the correctness of the conclusions of law upon the facts found, exception must have been taken to such conclusions; and an error in such conclusions is not reached by a motion for a new trial. *Welch* v. *Bennett*, 39 Ind. 136. The leading object of the section seems to have been to enable parties to except to the conclusions of law on the facts being found. The finding of facts, and the statement of conclusions of law upon them, are very different things. The facts may be correctly found, but the conclusions of law stated thereon may be very erroneous. Where the facts are correctly found, though the conclusions of law may be erroneous, what good purpose could be subserved by having the facts found over again upon a new trial? The remedy for erroneous conclusions upon the facts found is furnished by an exception, and not by a re-examination of

the facts themselves. In any aspect of the record, it fails to present any question for our consideration.

The judgment below is affirmed, with costs.