THE STATE OF KANSAS v. W. D. JENNERSON.

14  133
40  673.

PRACTICE; *Specifying Alleged Errors.* Where it is alleged that the trial court erred in its rulings, it is the duty of the party complaining to indicate wherein the error consists as well as the particular ruling of which he complains.

*Appeal from Saline District Court.*

A CRIMINAL COMPLAINT was filed before a justice of the peace, against defendant, the body of which was as follows:

"Dorotha Evarts being duly sworn according to law deposes and says, that on or about the 27th day of August, 1873, in the county of Saline aforesaid, one W. D. Jennerson willfully, maliciously and unlawfully attempted to sever and

remove from the freehold of affiant a cross-piece and hook which were then thereto attached, and which said cross-piece and hook were then a part of the fixtures to a well, and the property of this affiant, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Kansas."

The defendant was tried and convicted before the justice, and appealed to the district court, where another trial was had at the March Term 1874. Verdict of guilty, and sentence that defendant pay a "fine of five dollars, and costs of prosecution, and stand committed until said fine and costs are paid." Defendant brings the case here by appeal.

*J. G. Mohler*, for appellant.

*E. W. Hodgkinson*, for The State.

The opinion of the court was delivered by

BREWER, J.: Appellant was convicted on a charge of attempting to maliciously sever and remove certain property from a freehold, and from such conviction appeals to this court. The only error alleged is thus stated in the brief of counsel for appellant:

"The court below erred in overruling the motion in arrest of judgment. The complaint does not state facts constituting a public offense. Wharton's Am. Cr. Law, § 2012."

What specific objection there exists to this complaint, and wherein it fails to disclose a public offense, we are not advised. The counsel refer to a section in Wharton's Cr. Law, but on turning to that section we find that it treats of more than one subject. It treats of the manner of "describing the property," and the "value." Now whether counsel intends to claim that the complaint is defective in not stating the value of the property attempted to be severed, or in not sufficiently describing the property, or the freehold, we are not informed; and we shall not attempt to consider the various questions which may suggest themselves to our minds in the expectation by so doing of reaching the specific objection counsel intended to present. The judgment will be affirmed.

All the Justices concurring.