## ZEPHENIAH HOLCOMB v. JOHN A. DOWELL.

1. PRACTICE IN SUPREME COURT; *Assignment of Error; No Exceptions in Record; Limit of Inquiry.* Where a case is tried by the court without a jury, special findings of fact made, no exceptions taken to them, no motion made to set them aside, and no application for further findings, and the only error alleged is, that upon the facts found the court erred in its conclusions of law, this court cannot inquire whether the testimony was properly admitted, whether it sustained the findings, or whether other facts were also proved by it, but is limited to the inquiry, whether upon the pleadings and findings the proper judgment was entered.

2. STATUTE OF FRAUDS; *Parol Contract for Sale of Lands, followed by Possession, and Making Lasting Improvements.* Where an action of ejectment is brought, and it appears by way of defense that a parol contract had been theretofore made by the plaintiff for the sale of the premises to the defendant; that under said contract the defendant, with the knowledge, consent and approval of the plaintiff entered

into possession and made valuable and permanent improvements thereon, said improvements being three or four times the value of the land; that the contract called for subsequent payment, and that payment, though often demanded, had not been made through lack of funds, *held*, that a judgment in favor of the defendant would not be reversed.

## *Error from Brown District Court.*

EJECTMENT, brought by *Holcomb*. Trial, and judgment for the defendant, at the February Term 1874. All necessary facts are given in the opinion. The plaintiff brings the case here.

*C. W. Johnson*, for plaintiff:

The district court found that the defendant is in under a contract which gives him such equities, that under the rule laid down in *Courtney v. Woodworth*, 9 Kas. 443, the plaintiff cannot sustain ejectment, but must sue to rescind, or file a bill to foreclose, and have his own homestead sold if Dowell does not pay. The only question is, is this the correct view of the law? In *Courtney v. Woodworth* the defendant had an equity. He had paid for the land two hundred dollars in money, and three hundred dollars in negotiable notes. Neither the money nor the notes were tendered back. The land was not a part of the vendor's homestead, and could be aliened without the joint consent of husband and wife. We think the true rule is, that whoever pleads or proves a state of facts that would entitle him to the equity of a specific performance, if he were plaintiff, can defend in ejectment on setting up his equity. In this case the contract was void, and Dowell could never enforce it, Mrs. Holcomb objecting, (even if Holcomb should be estopped,) if the 9th sect. of art. 15 of the constitution has any meaning. But Holcomb is not estopped. He has never received a dollar of money, none has ever been tendered — and the defendant's whole defense consists in trying to force a recovery of damages out of a homestead by getting upon it under a parol contract of purchase, and thus compel the application of a homestead claim he could not maintain at law.

That ejectment will lie in such cases, we refer to 21 Wend. 230; 3 Johns. 422; 3 Wheat. 211; 47 Barb. 163; 53 Barb. 155. And to the same effect are the following, which also hold that no notice to quit is necessary: 5 Wend. 26; 7 Cowen, 747; 5 Minn. 178. Where one enters under a license as purchaser, agreeing to pay, on a failure to pay he becomes a trespasser *ab initio*, liable to be turned out as such, and for mesne profits. (6 Johns. 46.) "No notice to quit is necessary where the relation of landlord and tenant has not existed; nor even under tenancies at will." But in the case at bar, there was no tenancy at will, because there are no terms of the occupancy except to pay the purchase price within thirty days. The putting in possession was a mere constructive fiction, arising from the fact that Holcomb saw Dowell moving a house on the land and did not have him enjoined from moving on until payment was made. Ejectment was held to lie against the vendee who would neither perform, nor offer to perform, in the cases in 3 Barb. 576; 1 Cow. 122; 14 Ill. 91; 31 Ill. 468. And see Tyler on Ejectment, 554.

An agreement to sell does not constitute a license to enter: 7 Cowen, 229; 6 Barb. 116; 22 Barb. 260; 9 Johns. 35, 331. Making improvements, does not create any equity: 7 Watts, 321.

*W. D. Webb*, for defendant:

Ejectment will not lie in this action. It is a purely legal remedy. To recover in ejectment, the plaintiff's legal rights must be such as to oust the defendant's equities. Plaintiff made the contract to sell the land to defendant, and both he and his wife, (who is not a party to this suit,) saw him expending money upon it, erecting his buildings and improving it daily, without objection. This we think would be "joint consent of husband and wife." The constitution does not provide that the consent shall be in writing, and equity will not permit a man *and his wife* to stand by and see another lay out money, and make valuable and lasting improvements

on their joint land, any more than it will not permit the man alone to do so. Both husband and wife in this case are estopped from saying that their joint consent was not given. That ejectment will not lie in this case, we think is settled in this state by *Courtney v. Woodworth,* 9 Kas. 443.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment brought by the plaintiff in error, plaintiff below, for the recovery of a tract of twelve acres, in Brown county. Judgment was rendered for the defendant, and of this judgment plaintiff complains. The case was tried by the court, without a jury. Special findings of fact were made. No motion was made to set aside these findings, no exceptions taken to them, and no application for any further findings. The errors alleged are, "that the conclusions of law are not the law of the case on the facts found; that on the facts found, plaintiff was entitled to recover the premises, and that plaintiff was entitled to judgment and defendant was not." Hence, the question presented to us is, which party upon the pleadings and facts found is entitled to judgment? We need not inquire whether the testimony was properly admitted, whether it sustained the findings, nor whether other facts were also proved by it. *McGonigle v. Gordon,* 11 Kas. 167. This we think eliminates some matters discussed in the briefs of counsel.

The petition was an ordinary petition in ejectment. The answer alleges a written contract for the exchange of farms; that subsequently, it was verbally agreed between the parties that this contract should be set aside, and that plaintiff should deed the twelve acres in controversy and a lot in North Robinson to the defendant; and the defendant should pay therefor $250; that in pursuance of said agreement the lot was selected, and deeded; that plaintiff put the defendant into possession of the twelve acres, and the defendant has put thereon lasting and valuable improvements, describing them; that the defendant has paid seven dollars, that there is due $243, which the defendant is willing to pay and

desires a specific performance.   A reply was filed containing a general denial.   Five findings of fact were made: 1st, That plaintiff had the legal title.   2d, That the parties made the written contract, that plaintiff's wife did not sign that contract, and that the land plaintiff was to deed was that upon which he then and still resided.   3d, That this written contract was set aside, and a parol contract made as stated in the answer; that under this parol contract defendant went into possession, and made permanent and valuable improvements, and that this was done with the knowledge, consent, and approval of the plaintiff, and that defendant has ever since resided thereon.   4th, That the money agreed to be paid was to have been paid on the 1st of June after the contract, but has not been paid, in whole or in part, for want of funds, though payment has been frequently demanded.   5th, That plaintiff's wife is still living.   Upon these pleadings and findings did the court err in refusing to give plaintiff a judgment for possession, and in giving defendant a judgment for costs?   We think not.   The court tendered leave to the plaintiff to amend his petition, so as to make it one to foreclose his lien for the unpaid purchase-money, but he declined the offer, and claimed the land.   Counsel in their brief discuss the question of a parol alienation of the homestead. But there is nothing in pleadings or findings from which it can in any way be inferred that this twelve acres was a part of the plaintiff's homestead.   It appears that the land mentioned in the original written contract was the land on which he resided, but it does not appear that this twelve acres is a part of that tract.   If we look to the testimony it would seem probable that it was a part of the homestead; but we find there also evidence tending to show the wife's assent to the alienation, and improvements, and we suppose she can be bound equally and in the same manner with her husband. *Edwards v. Fry*, 9 Kas. 426.   The case then, as it stands, is a case of a parol contract for the sale of lands, accompanied by the taking of possession and the making of permanent and valuable improvements, with the knowledge and assent of

the vendor. In this the improvements were three or four times the value of the land. This, equity declares, takes the case out of the statute, and makés a contract binding upon the vendor, equally with one in writing. There is therefore a contract to sell lands, with payment promised at a subsequent day, and not made as promised, possession taken and improvements of great value made. Upon these facts will ejectment lie? We think not. Courtney v. Woodworth, 9 Kas. 443.

The judgment will be affirmed.

All the Justices concurring.