ISRAEL NICKLISSON V. LUCY F. HOLMAN, et al.

1. PETITION; *Insufficiency; Judgment—Trial—Evidence.* Where no objection is made to the petition in the court below, and no special findings are asked for by either party, and the court finds generally in favor of the plaintiff and against the defendant, and judgment is rendered accordingly, the supreme court will not disturb the judgment, because of any supposed insufficiency of the petition or of the evidence, if, by a liberal construction of the petition and of that portion of the evidence which tends to sustain the judgment, it is found that the petition and evidence are sufficient to sustain and uphold the judgment.

2. PRINCIPAL AND AGENT; *Knowledge of Agent.* In law, whatever comes to the knowledge of an agent comes to the knowledge of the principal; and whatever is done by an agent within the scope of his agency, is done by his principal. The agent, with reference to third persons, and within the scope of his agency, is, to all intents and purposes, the principal.

3. SALE OF LAND— *Contract— Conveyance; Presumption.* Where a sale and conveyance of real estate is made, and all is done within fourteen days, it will be presumed, in the absence of anything to the contrary, that whatever operated to produce the sale, operated to produce the deed.

*Error from Franklin District Court.*

THE facts, and the errors complained of, are sufficiently stated in the opinion. *Holman* and *Holman,* as plaintiffs, had judgment at the November Term 1874, and *Nicklisson,* defendant, brings the case here on error.

*J. W. Deford,* and *B. C. Whitford,* for plaintiff in error.

*Benson & Parkinson,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Lucy F. Holman and her husband C. Holman against Israel Nicklisson, to set aside a certain sale and conveyance of real estate made by them to him. The title to said real estate was in Mrs. Holman, and she through her agents C. Holman and J.

R. Hibbard sold the same to said Nicklisson, and then she with her husband executed a proper deed for the premises to Nicklisson. The action was tried by the court, without a jury. The court found generally in favor of the plaintiffs, and against the defendant, and judgment was rendered accordingly, and the defendant brings the case to this court. The principal objections urged in this court to the proceedings in the court below are, that neither the petition below nor the evidence is sufficient to sustain the judgment. No objection was made to the petition in the court below; and neither party asked the court to find otherwise than generally. Therefore, unless we should find some fatal defect in the petition, or the evidence, it would be our duty to affirm the judgment. If by a liberal construction of the petition, and of that portion of the evidence which tends to sustain the judgment, we should find that they are sufficient to sustain and uphold the judgment, then it would be our duty to say that no substantial error was committed in the case. And so construing the petition and the evidence, we think they are sufficient. The evidence is probably weakest in showing that the defendant made false and fraudulent statements, and that the plaintiffs relied upon the same, and were thereby induced to make said sale and conveyance. But as the court below found upon these matters, as well as upon others in the case, in favor of the plaintiffs and against the defendant, and as there was some evidence to support all these findings, and as such findings are findings of fact, and not of law, we are not authorized, merely because of such weakness of the evidence, to reverse the judgment of the court below and grant a new trial. Within the rules heretofore enunciated by this court, we think the evidence was sufficient.

The alleged false and fraudulent statements were however not made directly to Mrs. Holman, but were made to her agents, C. Holman and J. R. Hibbard; and it is now claimed that such statements were never communicated to her. Whether this is true or not, as a fact, it is not true in law. In law, whatever comes to the knowledge of an agent, comes

to the knowledge of his principal; and whatever is done by an agent, within the scope of his agency, is done by his principal. The agent, with reference to third parties, and within the scope of his agency, is to all intents and purposes the principal. Whatever Nicklisson said to Mr. Holman and Hibbard affecting the negotiations, he in law said to Mrs. Holman. But it is further claimed that it was not sufficiently shown that the effect of said statements was still operating on the minds of the plaintiffs when they executed said deed. We think it was. The negotiations commenced about December 20th 1873, and ended January 3d 1874, when said deed was made, occupying about fourteen days. And the whole of these negotiations from the beginning to the end, including the sale and the deed, were merely parts and portions of only one and the same transaction. Whatever operated to produce the sale, it will be presumed, in the absence of anything to the contrary, operated to produce the deed, although the deed may not have been executed on the same day the sale was made. There was not a particle of evidence tending to show that the effect of said statements had ceased to operate on the minds of the plaintiffs when they executed said deed. We must therefore infer that the execution of said deed was induced by said alleged false and fraudulent statements.

The judgment of the court below will be affirmed.

All the Justices concurring.