CHRISTIAN BECK v. HENRY BADEN.

No. 73.

PETITION IN ERROR, *Insufficient—Cases Followed.* The decision in the cases of *Brown v. Rhodes*, 1 Kan. 364, and *Green v. Dunn*, 5 id. 262, cited and followed, as to setting forth in the petition in error the errors complained of.

MEMORANDUM.—Error from Crawford district court; S. H. ALLEN, judge. Action in replevin by Henry Baden against Christian Beck and others. Judgment for plaintiff. Defendant Beck brings the case to this court. Affirmed. The opinion herein, filed December 4, 1895, states the material facts.

*C. E. Cory*, for plaintiff in error.

*Jos. Chandler*, for defendant in error; *Morris Cliggitt*, of counsel.

The opinion of the court was delivered by

DENNISON, J.: The errors complained of as set forth in the petition in error in this case are, that "said defendant in error recovered a judgment against this plaintiff in error for costs," and "plaintiff in error says that there was error committed in said action as shown by said case made, in that the decision should have been for this plaintiff in error. The

trial court should have rendered judgment for this plaintiff in error for the amount claimed."

A petition in error similar to this has been passed upon twice by our supreme court. In *Brown v. Rhodes,* 1 Kan. 364, the court says :

"There are but three allegations of error in the petition. The first two allege error in the charge of the court to the jury, which charge does not appear upon the record. The third is, that the judgment was for Rhodes, and should have been for Brown. It does not state what erroneous ruling caused the rendition of the judgment for Rhodes, nor whether it was the fault of the court or of the jury. It is general and indefinite, and does not set forth the error complained of. There is, therefore, no alleged error set forth in the petition that appears upon the record.

"The code ( § 527) requires the plaintiff in error to file his petition, ' setting forth the errors complained of.' And any error not so set forth is, therefore, not complained of, but waived by the party, and the court will not consider it. (See Nash's Pl. & Pr. 692, and cases there cited.)"

In *Green v. Dunn,* 5 Kan. 262, the court says :

"The fourth and last assignment of error is, that the judgment was given for the plaintiffs, when it should have been given for the defendant. Such a general and indefinite assignment of error can seldom be considered or regarded by this court. (*Brown v. Rhodes,* 1 Kan. 359.)"

Following the rule laid down in these cases, that no errors are set forth in the petition in error, we have nothing to consider. The writer of this opinion dislikes to deprive a litigant of a substantial right because of his misapprehension of the requirements necessary in the preparation of his case, and hence this case has been carefully examined. We should have affirmed the judgment of the court below if all

the things set out in the record had been considered by us.

The judgment of the district court is affirmed.

All the Judges concurring.