Eldridge v. Deets.

---

**W. J. ELDRIDGE v. JOHN T. DEETS, *as Sheriff of Crawford County*.**

**No. 133.**

1. TRANSCRIPT—*Contents and Certificate.* Where the record brought up for review of the ruling of the district court is based upon a transcript, it is essential that it shall contain all the proceedings of the case, as shown by the record in the court below, and that it is a complete transcript must appear from the certificate of the clerk.

16—4 KAN. APP.

2. CLERK OF THE DISTRICT COURT—*Deputy.* The clerks of the district court in this state are especially authorized by the statute to appoint deputies; and a deputy clerk of the district court may do anything that the clerk himself may do.

3. BRIEFS—*Contents.* Where it is alleged that the trial court erred in its rulings, it is the duty of the party complaining to indicate wherein the error consists, as well as the particular ruling of which he complains.

MEMORANDUM.—Error from Crawford district court; J. S. WEST, judge. Action by W. J. Eldridge against John T. Deets, as sheriff of Crawford county, to enjoin a sale under an execution. Judgment for defendant: Plaintiff brings the case to this court. Dismissed. The opinion herein, filed July 13, 1896, states the material facts.

*Fuller & Randolph,* for plaintiff in error.
*D. B. Van Syckel,* for defendant in error.

The opinion of the court was delivered by

COLE, J.: This action was brought to enjoin the sheriff of Crawford county from selling certain real estate under an execution to satisfy a judgment rendered against the plaintiff. The injunction was asked upon the ground that the real estate about to be sold was the homestead of the debtor. A temporary injunction was granted by the probate court of Crawford county at the commencement of the action, and afterward the defendant filed a motion to dissolve the temporary injunction. Upon a hearing, the district court sustained the motion, and made an order dissolving the temporary injunction, of which order the plaintiff in error complains. Several objections are raised which challenge the jurisdiction of this court to hear and determine the questions presented by the record. It is urged by the defendant in error: (1)

That there is no proper and sufficient certificate authenticating the record in this case ; (2) that the certificate is made by the deputy clerk of the district court ; (3) that no errors are pointed out in the brief or in the petition in error ; (4) that the brief of the plaintiff in error was not served or filed in accordance with the ruling of this court.

This case is presented to us upon what purports to be a transcript of the record, but it nowhere appears that the record contains a complete transcript of the proceedings in the case. The certificate states, in substance, that the record contains a true and correct copy of the bill of exceptions, pleadings, journal entries, and orders, but this is not sufficient. Where the record brought up for a review of the ruling of the district court is based upon a transcript, it is essential that it shall contain all the proceedings of the case as shown by the record in the court below, and that it is a *complete* transcript must appear from the certificate of the clerk. (*Westbrook v. Schmaus*, 51 Kan. 214; *Heaston v. Miller*, 1 Kan. App. 157.)

There is no force in the objection that the certificate was made by the deputy clerk. The clerk of the district court is a ministerial officer, and, even under the common law, all ministerial officers were empowered to appoint deputies. Our statute especially provides that the clerk of the district court may appoint one or more deputies, and there is no statute either defining or limiting the power of the deputy. A natural inference is, that the deputy clerk may do anything that the clerk himself may do, and it has been so held in *Ferguson v. Smith*, 10 Kan. 396.

The only error complained of in this case is, that "the court erred in sustaining and allowing said motion of said J. T. Deets, sheriff of Crawford county,

Eldridge v. Deets.

to dissolve said temporary injunction.'' This is not ''setting forth the errors complained of,'' as provided by paragraph 4644, General Statutes of 1889. It is the duty of the plaintiff in error to specify the manner in which the court erred in making the ruling complained of. In this case, plaintiff simply alleges that the court committed an error in sustaining the motion to dissolve the injunction ; but whether such error was because improper evidence was admitted, to the admission of which plaintiff duly excepted, or whether there was error in the conclusion of law arrived at by the court, or that the decision was contrary to law, or not sustained by evidence, or what reason is relied upon, is not stated either in the brief of counsel or the petition in error. Where it is alleged that the trial court erred in its rulings, it is the duty of the party complaining to indicate wherein the error consists, as well as the particular ruling of which he complains. (*The State v. Jennerson*, 14 Kan. 133.)

The rulings of this court with regard to the form of briefs and the time of serving and filing the same were made after due consideration, and must be followed by the members of the bar. Yet it frequently happens that counsel may urge some valid excuse for the failure to file a brief within the time prescribed by the rule. In this case we do not feel that the proceedings should be dismissed upon that ground, but because of a failure properly to point out the errors complained of, and because the record is not properly certified.

The objection raised by counsel for defendant in error must be sustained, and the petition in error dismissed.

All the Judges concurring.