## M. FRIEDMAN v. MAURICE WEISZ.

(Filed Aug. 25, 1899.)

1. INSTRUCTION—*Refusal—Error.* It is not error to refuse to give an instruction which is long, verbose, and uncertain as to its meaning, and which will tend to mislead and bewilder the jury.

2. SAME—A court is not required to give an instruction which needs modifications or qualifications. If it is not good as requested, it is not error to refuse it.

3. ERROR—*Assignment of—Treated as Abandoned, When.* Rulings of the trial court, assigned as causes for setting aside a verdict or judgment, and embraced in a motion for new trial, and assignments of error embraced in a petition in error, which are not pre-

sented or argued in the brief of plaintiff in error, will be treated as abandoned, and will not be considered by the court.

4. APPEAL—*Evidence—Error.* An assignment of error alleging "irregularity in the proceedings of the court, and abuse of discretion by the court, by which defendant was prevented from having a fair trial," will not present the rulings of the trial court on the admission or exclusion of evidence on the trial.

(Syllabus by the Court.)

*Error from the Probate Court of Pawnee County; before James P. Neal, Probate Judge.*

*A. J. Biddison* and *Edward L. Lemert*, for plaintiff in error.

*B. S. McGuire* and *C. J. Wrightsman*, for defendant in error.

Action by Maurice Weisz against M. Friedman. Judgment for plaintiff. Defendant brings error. Affirmed.

Opinion of the court by

BURFORD, C. J.: In the probate court of Pawnee county M. Weisz brought an action against M. Friedman to recover the sum of $300 on account for coffee and soap purchased from April to June, 1897. The defendant answered, admitting the correctness of the account, and pleaded four separate defenses by way of set-off. The first defense alleged that Weisz was indebted to Friedman on an open account in the sum of $1,059.85, as shown by an itemized statement accompanying the pleading. The second defense alleged the sale and conveyance by Weisz to Friedman of certain real estate in Pawnee county, on which there was a balance of $62.50 due and unpaid, as part of purchase price. The third defense

set up that the defendant had boarded the plaintiff's brother, for which he agreed to pay, and that there was due defendant for said board the sum of $12.50. The fourth defense alleged that plaintiff was indebted .to defendant in the sum of $12 for the use of defendant's barn. To these several affirmative defenses the plaintiff replied. To the first defense he filed a general denial, and also alleged that on or about the 20th of January, 1896, the plaintiff and defendant had an accounting, and made a final settlement and payment of all differences and claims of one against the other. To the second defense he replied that the real estate was conveyed to him as alleged, and that the consideration was part property and part money, and that the same had been fully delivered and paid, and that nothing remained due on the purchase price of the real estate. To the third defense the plaintiff denied that he ever in any manner or at any time agreed to pay for board for his brother, or requested defendant to board him, and that he was not indebted in any sum for such services. This reply amounted to a general denial, and set up no affirmative defense to the claim for board. To the fourth defense the plaintiff replied, admitting that he used and occupied the defendant's stable, but alleged that it was used under an express agreement that he was not to pay for such use. The defendant, Friedman, first moved to require the plaintiff to make the paragraph of reply which set up the accounting and settlement more specific, definite, and certain. This motion was overruled, and he then interposed a demurrer for want of sufficient facts. The demurrer was also overruled. The cause was tried to a jury, and verdict rendered for plaintiff for the sum of $292, and judgment

rendered accordingly. The defendant filed a motion for a new trial, which was overruled, and exceptions saved. Friedman appeals to this court.

The first action of the trial court complained of was in overruling the motion to make the second paragraph of reply more definite and certain. We see no prejudicial error in this ruling. It was averred that for a long time the plaintiff was in the employ of the defendant, and that nearly all of the sums of money paid him, as shown on defendant's itemized account, were for and in payment of his wages; that a few of the items were for borrowed money, but that he was unable to state the times or amounts of such loans; but, at a time prior to the making of the account sued on by plaintiff, that he and the defendant had an accounting as to all indebtedness from each to the other, and fully and finally settled and liquidated the same; and that there was nothing due on said account from him to the defendant. There was no error in overruling the motion to make more definite and certain, nor did the court err in overruling the demurrer. The plea of a final settlement of the matters embraced in the account which defendant pleaded as a set-off was a complete defense to said account, and, even if the plea was insufficient as an affirmative defense, it was sufficient as a general denial.

The next contention of plaintiff in error is that the court erred in refusing to give instructions numbered 1, 2, and 5 requested by the defendant. Instruction numbered 1 relates to the issues involved, and the instructions given by the court sufficiently embrace the issues to be determined by the jury, and there was no error in refusing the one offered by the defendant.

Instruction numbered 2 offered by the defendant and refused is as follows:

"The burden of proof is on the defendant to establish by a preponderance of the evidence the material allegations of her various counter-claims; that is, the burden is upon the defendant to show by a preponderance of the evidence the truth of her allegations in her several counter-claims in order to be entitled to recover thereon. But, having once shown by a preponderance of the evidence that she is entitled to recover upon her cause of action upon the open account, then the burden of proof shifts, and she would be entitled to recover so much thereof as she has shown she is entitled to by such preponderance of evidence, until the plaintiff establishes by a preponderance of evidence that he has had, as alleged in his reply, a settlement of such claim of the defendant, or a part thereof, and that the balance then existing was paid; and, when he does establish by a preponderance of the evidence that he had such settlement and such payment has been made, then for such matters included in such settlement you will find nothing due either party. The burden is also upon the defendant to establish by a preponderance of the evidence her claim for stable rent, but, when so established, then the burden is upon the defendant to show that he used the said stable room under an express agreement that there should be no compensation. The burden of proof of the claim for money due for boarding Max Weisz is upon the defendant, and she must establish the same by a preponderance of the evidence, but when she has so done she is entitled to recover therefor. The burden of proving the plaintiff's liability for balance due upon the exchange of property is upon the defendant, to establish the same by a preponderance of evidence, but when so established she is entitled to recover so much as she proves is still due thereon, unless plaintiff proves by a preponderance of the evidence that he has paid the same; and, when defendant has established by a prepon-

derance of evidence the contract of sale of the Pawnee property as she alleges it is to be, then the burden of proof of any variations of the said terms of said contract claimed by plaintiff is upon plaintiff."

The court is not required to give instructions which need modifications and qualifications to make them properly state the law as applicable to the case. If an instruction is not good as asked, it is not error to refuse it. (*Douglass v. Wolf*, 6 Kan. 88.)

The instruction requested is long, verbose, and would have been liable to mislead and bewilder the jury, and it does not properly state propositions of law so as to be understood by one not skilled in legal phraseology. It states: "But having once shown by a preponderance of the evidence that she is entitled to recover upon her cause of action upon the open account, then the burden of proof shifts, and she would be entitled to recover so much thereof as she has shown she is entitled to by such preponderance of evidence until the plaintiff establishes by a preponderance of evidence that he has had, as alleged in his reply, a settlement." This proposition ignores the evidence of the adverse party in defense of the matter alleged. The defendant has shown by a preponderance of evidence that she is entitled to recover upon her account as soon as she has testified and rested her case.

If this instruction is good law, then the burden of proof shifts, but we do not so understand the law. The party having the negative of the proposition alleged has a right to be heard, and if, on a consideration of all the evidence, the jury should find from a preponderance that she had established the truth of her allegations, then the burden would rest upon the plaintiff to establish the affirmative allegations of his reply which are

pleaded in avoidance of such facts. The proposition contained in said tendered instruction in reference to the demand for purchase price of the real estate is ·open to a more serious objection. The court is here requested to tell the jury that the defendant "is entitled to· recover so much as she proves is still due thereon, unless plain· tiff proves by a preponderance of the evidence that he has paid the same." The jury might well find on her own testimony that she has proven the amount still due thereon, thus entirely ignoring any testimony that the plaintiff might have to contradict her or her wit· nesses. The amount due her, if anything, was to· be determined from all the evidence on that issue, and the amount proved by her might be materially different from the amount proved by the evidence. The cause was not to be determined on her proof, but on the proof as an entirety. And there was no burden resting on the plaintiff to establish his allegations in avoidance until the preponderance of the evidence established the allegations of her pleading. There are other proposi- tions in the instruction subject to similar objections. Propositions of law embraced in an instruction should be clear, concise, in plain language, and applicable to the issues and evidence, and wherever they have a tendency to mislead, although containing correct propositions of law, should not be given.

In the case of *Koenig v. Katz*, 37 Wis. 153, the supreme court of Wisconsin said: "Among other things the court instructed the jury that, if they were satisfied that no payments had been made by the defendant to the deceased for the property in question, then it was their duty to find its value as proven by the plaintiff. There was conflicting testimony as to the value and amount of prop-

erty, and it is insisted that this charge was equivalent to a direction that the jury should ascertain such amount and value from the evidence of the plaintiff's own witnesses, without regard to the evidence offered by the defendant bearing upon the same questions. Manifestly it was the duty of the jury to consider all the evidence in determining the value and amount of property, and not that offered by the plaintiff alone. Doubtless the court intended so to charge, but was not happy in the choice of words to express the idea. This error in the charge would be fatal, therefore, were it not cured by a subsequent direction by the court."

The instruction under consideration is still subject to another objection. The defendant set up that she had conveyed to the plaintiff a lot in Pawnee for the agreed price of $600, and that there was a balance due of $62.50. To this the plaintiff replied that the consideration was not $600, but certain property and a small sum of money, and that the property had been delivered, and the money paid. This amounted to a denial of the facts alleged by defendant, and did not set up any affirmative defense to her said cause of action. On this issue the burden would not shift at any stage of the proceedings. If the burden of proof had been placed on the plaintiff, he would have been required to establish the falsity of her allegations by a preponderance of the evidence. The law recognizes no such rule. (*Homire v. Rodgers* [Iowa] 37 N. W. 972.) There was no error in refusing the tendered instruction numbered 2.

Objection is made to the instructions given by the court. The instructions given are applicable to the issues and facts, and embrace correct propositions of law.

They are not so full in some particulars as might have been desirable, but, on the whole, we think they correctly stated the law as applicable to the case, and no error was committed in giving them.

There are some other alleged errors presented by plaintiff in error, but they relate to the rulings of the court on the admission or exclusion of evidence. Counsel for plaintiff in error, in their brief, use this language: "The plaintiff in error only desires to call the atention of the court to one of the reasons stated in the motion for new trial, aside from the matters heretofore presented under the various assignments of error; and that is irregularity in the proceedings of the court, and abuse of discretion by the court, by which defendant was prevented from having a fair trial, and this irregularity and abuse of discretion was as to the admission of evidence." The rule is well settled that the rulings of the trial court on the admision or exclusion of evidence cannot be presented under an assignment alleging "irregularity in the proceedings of the court, and abuse of discretion by the court, by which defendant was prevented from having a fair and impartial trial." (14 Enc. Pl. & Prac. p. 719.)

There are other errors assigned in the motion for new trial, and also in the petition in error, but they are not presented or argued in the brief of plaintiff in error, and they will be treated as abandoned, and the court will refuse to consider them. (*Provins v. Lovi*, 6 Okla. 94, 50 Pac. 81; *Jay v. Zeisness*, 6 Okla. 591, 52 Pac. 928.)

The errors complained of are not sufficient to warrant a reversal of the judgment. The judgment of the pro-

bate court of Pawnee county is affirmed, at costs of plaintiff in error.

All of the Justices concurring.