## DE VITT *et al.* v. CITY OF EL RENO *et al.*

### No. 1846. Opinion Filed November 16, 1910.

### Rehearing Denied March 21, 1911.

#### (114 Pac. 253.)

1. **APPEAL AND ERROR—Review—Assignments of Error.** The limit of appellate inquiry under an assignment of error to the effect that the judgment was contrary to law is this: On the pleadings and findings, was the proper judgment entered?

2. **APPEAL AND ERROR—Failure to Urge Error in Brief—Abandonment.** Causes assigned for a new trial in the motion for a new trial, and assignments of error in the petition in error, which are not presented or argued in the brief of the plaintiff in error, will be treated as abandoned, and will not be considered by this court.

3. **TRIAL—Findings by Court—"General Finding"—Effect.** In a cause tried to the court, a "general finding" includes the finding of all the facts necessary to constitute the claims of the party in whose behalf the judgment was rendered. It is a finding on all the controverted facts in favor of one party and against the other.

4. **APPEAL AND ERROR—Findings—Presumptions.** Where the record does not affirmatively show that it contains all the evidence, it will be presumed that it was sufficient to support the general findings of the court.

(Syllabus by the Court.)

*Error from District Court, Canadian County; A. H. Huston, Special Judge.*

Action by P. J. De Vitt and others against the City of El Reno and another. Judgment for defendants, and plaintiffs bring error. Dismissed.

*W. L. Baxter, Geo. S. Pearl, W. A. Maurer, F. C. Sickles, J. I. Phelps, C. H. Carswell,* and *W. M. Wallace,* for plaintiffs in error.

*D. C. Westenhaver* and *M. D. Libby,* for the Cleveland-Trinidad Paving Co.

*Lucius Babcock,* for City of El Reno.

KANE, J. This was a suit commenced by the plaintiffs in error, plaintiffs below, as owners of various lots situated in a paving district in the city of El Reno, against the defendants in error, defendants below, for the purpose of declaring all the proceedings and acts of the city council of said city in relation to paving said district null and void, and to relieve the real estate of said plaintiffs from the apparent liens that said proceedings created thereon, and to enjoin said city from taking any further action or proceedings under and by virtue of a certain paving contract between said city and said defendant, the Cleveland-Trinidad Paving Company. The case was tried below before the court without the intervention of a jury upon the petition of the plaintiffs, the joint answer of the defendants, and the reply of the plaintiffs. After hearing the evidence introduced by both plaintiffs and defendants and arguments of counsel for the respective parties, the court found generally "for the defendants," and entered a judgment to the effect that the plaintiffs take nothing by their action; that said defendants go hence without day, and that they and each of them recover from said plaintiffs their costs laid out and expended. To reverse this judgment, this proceeding in error was commenced.

The statement in the case-made in relation to the incorporation of the evidence therein is to the effect that the case-made contains the oral evidence of certain witnesses taken in said action, but does not contain all of the evidence taken at the trial; that: "The omission to insert in the foregoing case-made other evidence introduced on the trial of said cause * * * is intentional on the part of the plaintiffs and not by oversight." Counsel for defendants in error contend that the petition in error is such that but one possible question going to the merits of the case is before this court, viz.: On the pleadings and findings, was the proper judgment entered? This contention is well taken. A petition in error is jurisdictional, and under our statutes it must set forth the errors complained of. One assignment cannot be made to do double duty. Section 4736, Wilson's Okla. Stat.; *Menten v. Shuttee,*

11 Okla. 381, 67 Pac. 478; *Southwestern C. S. Co. v. Bank of Stroud,* 12 Okla. 168, 70 Pac. 205. The petition in error herein contains the following assignments of error: First, the court erred in rendering judgment for the defendants and against the plaintiff. Second, the court erred in refusing to render judgment in favor of plaintiffs and against the defendants. Third, the court erred in rendering judgment for the defendants for costs. Fourth, the judgment of the court is not supported by the evidence. Fifth, the judgment is contrary to law. Sixth, the court erred in overruling the motion of plaintiffs for a new trial. Seventh, the court erred in refusing to grant plaintiffs a new trial.

The first, second, and third grounds of error as stated in the petition in error are insufficient as assignments of error to raise any question for review in this court. *Board of Commissioners of Woods County v. Oxley,* 8 Okla. 502, 58 Pac. 651; *Fooshee v. State,* 3 Okla. Cr. 666, 108 Pac. 554; *Beck v. Baden,* 3 Kan. App. 157, 42 Pac. 845; *Eldridge v. Deets,* 4 Kan. App. 241, 45 Pac. 948. The fourth assignment cannot be considered, because it involves a consideration of the evidence, and all the evidence is not in the record. *Board of County Commissioners v. Hubble,* 8 Okla. 169, 56 Pac. 1058; *Board of Commissioners D. County v. Wright,* 8 Okla. 190, 57 Pac. 203; *Board of Commissioners Custer County v. De Lana,* 8 Okla. 213, 57 Pac. 162. The rule laid down in the foregoing cases has been followed by the Supreme Court of the territory and by this court in a great many cases, and has long since become the settled law of this jurisdiction. It is admitted that the case-made does not contain all the evidence, but counsel for plaintiffs in error insist that in making their case-made they incorporated all the evidence on which they relied to sustain the propositions set forth in their brief, and have in that respect complied with section 6073 of Snyder's Compiled Laws of Oklahoma, 1909, which provides that:

"A party desiring to have any judgment or order of the district or county court, or a judge thereof, reversed by the Supreme Court, may make a case, containing a statement of so much of

the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court."

This contention will be further noticed in connection with the discussion of the fifth assignment of error. The sixth and seventh assignments are of the same import, and are sufficient for the review of any statutory causes for a new trial which are set forth in the motion for a new trial. Section 4493, Wilson's Okla. Stat.; *Richardson v. MacKay,* 4 Okla. 328, 46 Pac. 546; *Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940.

The grounds for a new trial set forth in the motion for a new trial are as follows: First. That said decision and judgment is not sustained by the evidence; that said judgment and decision is not sustained by sufficient evidence. Second. That said decision and judgment is contrary to law. Third. Error of law occurring at the trial and excepted to by the plaintiff. These are all proper causes for a new trial, but the first involves a consideration of the evidence, and as the record does not contain all the evidence, it cannot be considered.

The second cause for a new trial set forth in the motion for a new trial is the same as the fifth assignment of error set forth in the petition in error. While it is a sufficient cause for a new trial in the court below, it is not a sufficient assignment in a petition in error, for the reason that it does not call the attention of this court to the specific errors which support such a cause. The record in this court does not purport to disclose any error in the trial of the issues of fact.

"A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury, report of a referee, or a decision by the court. The former verdict, report, or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party:  *  *  *Sixth, that the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law." (Section 4493, Wilson's Okla. Stat.)

The limit of appellate inquiry under an assignment of error

to the effect that the judgment was contrary to law is this: On the pleadings and findings, was the proper judgment entered? *Holcomb v. Dowell,* 15 Kan. 378; *Board of County Com'rs Logan County v. Jones,* 4 Okla. 341, 51 Pac. 565. A motion for a new trial on the ground that the decision is contrary to law is not the proper remedy, where the facts found are not challenged. *Rose v. Duncan,* 43 Ind. 512; *Welch v. Bennett,* 39 Ind. 139; *Bundy v. McClarnon,* 118 Ind. 165, 20 N. E. 718. In *Martin v. Matfield,* 49 Cal. 45, it was held that:

"A new trial is a re-examination of an issue of fact; and when a new trial is granted the finding is set aside, and, of course, the judgment resting upon it must fall. But the question whether the judgment is authorized by the pleadings or findings cannot be agitated on a motion for a new trial, for it is not involved in a re-examination of the issues of fact. The Code has provided other and sufficient modes for the determination of both branches of that question; and it is very clear that the question whether the issues of fact were correctly found does not depend in any manner on the question whether a pleading states sufficient facts to entitle a party to the relief granted by the judgment, or whether the issues as found sustain the judgment."

The above case was cited with approval in *Re Estate of Doyle,* 73 Cal. 564, 15 Pac. 125. The record brought to this court does not contain the evidence upon any issue of fact, nor the proceedings at the trial; nor is there a single ruling or order of the lower court presented to this court as error upon which a new trial is authorized.

The only question for review in this court, then, is, On the pleadings and findings, was the proper judgment entered?

The plaintiffs in error do not present or argue this question in their brief. The rule that causes assigned for a new trial in the motion for a new trial, and assignments of error in the petition in error, which are not presented or argued in the brief of the plaintiff in error, will be treated as abandoned and will not be considered by this court has long since become the settled law and practice in this jurisdiction. *Allison v. Bryan,* 26 Okla. 520, 109 Pac. 934; *Eiklor et al. v. Badger,* 25 Okla. 853, 108 Pac. 359;

*Mahaney v. Union Inv. Co.,* 23 Okla. 533, 101 Pac. 1054; *Ferguson v. Union Nat. Bank,* 23 Okla. 37, 99 Pac. 641.; *C. O. & G. R. Co. v. Siltel,* 21 Okla. 695, 97 Pac. 363; *Ryan v. Brown,* 19 Okla. 238, 91 Pac. 894; *Cameron v. Territory,* 16 Okla. 634, 86 Pac. 68; *Friedman v. Weisz,* 8 Okla. 392, 58 Pac. 613; *Board County Com'rs v. Moon,* 8 Okla. 205, 57 Pac. 161; *Provins v. Lovi,* 6 Okla. 94, 50 Pac. 81; *Penney v. Fellner,* 6 Okla. 386, 50 Pac. 123; *Gardenshire v. Gardenshire,* 2 Okla. 484, 37 Pac. 813. Moreover, "In a cause tried to the court, a general finding includes the finding of all the facts necessary to constitute the claims of the party in whose behalf the judgment was rendered." *Hunter Realty Co. v. Spencer,* 21 Okla. 155, 95 Pac. 757, 17 L. R. A. (N. S.) 622. It is a finding on all the controverted facts in favor of one party and against the other. *Knaggs v. Marlin,* 9 Kan. 532; *Nicklisson v. Holman,* 17 Kan. 22. In *Pettis v. McLain et al.,* 21 Okla. 521, 98 Pac. 927, it was held that: "Where the record does not affirmatively show that it contains all the evidence, it will be presumed that it was sufficient to support the general findings of the court." We may grant, without deciding, that on account of admissions by the opposing counsel certain exhibits attached to plaintiffs' petition may be considered as if introduced in evidence, and yet, as the record shows that it still does not contain all the evidence, it must be presumed that there was sufficient evidence to support the findings of the court. Counsel for plaintiffs in error admit they have purposely omitted part of the evidence, but insist they have included enough to present the errors complained of to the Supreme Court. We cannot agree with counsel. In view of the general finding of the court below in favor of the defendants in error, we must presume that that finding is supported by the evidence, unless all the evidence upon which it is predicated is before us.

For the reasons stated, the proceeding in error must be dismissed.

All the Justices concur.