EIKLOR *et al.* v. BADGER.

No. 415.   Opinion Filed March 8, 1910.

(108 Pac. 359.)

APPEAL AND ERRO'R.—Dismissal — Brief — Specification of Errors.
Where the brief of plaintiff in error fails to contain a specifica-
tion of the errors required by rule 25 (20 Okla. xii, 95 Pac.
viii), the proceeding in error may be dismissed.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; A. H. Houston,*
*Judge.*

Action by E. H. Eiklor and H. E. Hopkins against David
Badger. Judgment for defendant, and plaintiffs bring error. Dis-
missed.

*E. P. Whistler,* for plaintiffs in error.
*F. L. Boynton,* for defendant in error.

TURNER, J.   On September 24, 1907, E. H. Eiklor and H. E.
Hopkins, partners as Eiklor & Hopkins, plaintiffs in error, sued
David Badger, defendant in error, in the district court of King-
fisher county, to recover $200 commission alleged to have been
earned by them in procuring for said Badger a purchaser ready,
willing, and financially able to buy his farm, theretofore listed
with them for sale. After answer filed, in effect a general denial,
there was trial to a jury, and judgment for defendant. After mo-
tion for a new trial filed, and overruled, plaintiffs bring the case
here by petition in error and case-made.

Plaintiffs' brief is assailed by motion to dismiss on the ground
that the same fails to comply with rule 25 of this court (20 Okla.
xii, 95 Pac. viii), in that, among other things, it fails to contain
an assignment of error. We think the motion good. The brief
contains under head of "Statement of the Pleadings" a *resume*
thereof, and under head of "The Evidence" the substance thereof,
consisting principally of questions and answers. Under the head

of "Instructions" there is set forth the third, fourth, fifth, sixth, seventh, and eighth instructions given by the court, none of which are excepted to, except the sixth. Then follows "Conclusions of Law and Facts," and, lastly, under the head of "Argument," we find the only semblance of an assignment of error, in effect that the trial court erred in so instructing the jury, for the reason that the same was a misapplication of the law to plaintiffs' alleged right of action "and contrary to the evidence in the case." Then follows an argument of something over a page, nowhere containing anything upon which we could predicate, or construe into, an assignment of error. This is too indefinite, and fails to comply with rule 25 of this court. For that reason, the motion to dismiss is sustained.

In passing, however, we desire to say that we have gone carefully into the testimony, and, while it discloses that defendant in error authorized plaintiffs in parol to sell his farm in that county for $7,000, out of which they were to be paid a commission of $200, the testimony nowhere shows that they secured in the person of Blessing, or any one else, a purchaser ready, willing, and financially able to purchase the land upon any terms whatever.

For the reasons stated, the petition in error is dismissed.

All the Justices concur.