JESSE J. DUNN,
SAMUEL W. HAYES,
MATTHEW J. KANE, } JUSTICES.
R. L. WILLIAMS,

---

CITIZENS' BANK & TRUST CO. v. DILL *et al.*

No. 922.   Opinion Filed September 16, 1911.

(118 Pac. 374.)

1. **APPEAL AND ERROR**—Waiver of Errors. It is the rule and repeated holding of this court that alleged errors, other than those affecting jurisdiction, not specifically pointed out and insisted upon in plaintiff in error's brief, will be treated as waived.

2. **MORTGAGES** — Foreclosure — Terms — Happening of Contingency —Evidence. When a note and mortgage absolute in its terms has been executed, together with a contemporaneous collateral written agreement changing the absolute liability expressed in the note and mortgage to a contingent liability only, held that, upon a suit on the note and mortgage, before a recovery can be had, the happening of the contingency stipulated in the collateral agreement must be shown by some evidence.

(Syllabus by Brewer, C.)

*Error from District Court, Okfuskee County; John Caruthers,*
*Judge.*

Action by the Citizens' Bank & Trust Company against R. A.

Dill and Daisy Dill. Judgment for defendants, and plaintiff brings error. Affirmed.

*Crossan & Conner,* for plaintiff in error.

*J. C. Wright* and *J. C. Potter,* for defendants in error.

Opinion by BREWER, C. This suit was instituted by the plaintiff in error, Citizens' Bank & Trust Company, as plaintiff below, against defendants in error, R. A. Dill and Daisy Dill, as defendants below, in the district court of Okfuskee county, on the 18th day of May, 1908. After answer filed and issues joined, it was tried to a jury on the 2d day of December, 1908, and resulted in a verdict for defendants in error, upon which judgment was duly rendered, from which this appeal is brought. The relative positions of the parties in this court being the same as in the court below, hereinafter plaintiff in error will be called plaintiff bank, and defendants in error defendants.

This was a suit brought by plaintiff bank against the defendants upon a promissory note, in the usual form, for the sum of $856, signed by defendant R. A. Dill, and to foreclose a mortgage on certain lands described therein, signed by both the defendants. Judgment was prayed against R. A. Dill for the amount of the note and interest, and for foreclosure of the mortgage as against both defendants.

The defendants answered, admitting the execution of the note and mortgage, but denied any liability thereon, and for defense alleged, in substance, that upon the date and at the time of the execution of the note and mortgage sued on the plaintiff bank and the defendants entered into a written contract, contemporaneous with and collateral to, and in explanation and as part of, the note and mortgage sued on; that under the term of this collateral contract the note and mortgage were to be held by plaintiff bank in escrow as security for a one-third of any losses plaintiff bank might sustain on account of any of its bills receivable held by it on a certain date mentioned. Defendants further answered that plaintiff bank had suffered no losses on its bills receivable, and that, therefore, these defendants were not liable to the bank for

any sum whatever. A copy of the alleged collateral contract was attached to defendants' answer and made a part of it. After general denial was filed for reply by the plaintiff bank, the cause was tried to a jury, and resulted in a verdict for the defendants.

There are a number of errors assigned by plaintiff in error in its motion for a new trial and in the petition in error, and its counsel has filed a very creditable brief, in so far as form and matter are concerned. The only trouble with his brief is, and it is a serious one, that he has devoted almost, if not quite, all his efforts in arguing alleged error not saved in the record, and has not mentioned those saved in the record. It is the rule and holding of this court, often repeated, that alleged errors, other than those affecting jurisdiction, not specifically pointed out and argued in plaintiff in error's brief, will be treated as waived. *Noble State Bank v. Haskell,* 22 Okla. 48, 97 Pac. 590; *Eiklor v. Badger,* 25 Okla. 853, 108 Pac. 359; *Allison v. Bryan,* 26 Okla. 520, 109 Pac. 934, 30 L. R. A. (N. S.) 146, 138 Am. St. Rep. 988; *Choctaw, O. & G. R. Co. v. Sittel,* 21 Okla. 695, 97 Pac. 363. The court will not consider alleged errors unless appearing in the record, and exceptions have been taken below. *Saxon v. White,* 21 Okla. 194, 95 Pac. 783.

While we believe it will require generous consideration to hold that counsel in his brief has argued a want of sufficient evidence to sustain the verdict of the jury in this case, yet we will treat it as having been done, and for that purpose have gone quite carefully over the record. There was but one witness used in the case, and his statement, together with the note, mortgage, and collateral contract, comprise the entire evidence. This witness, W. H. Dill, president of plaintiff bank, was introduced by it, and testified to the execution of the note and mortgage sued on, identified same, and stated that the amount named therein was past due and unpaid. The instruments were introduced and read to the jury. On cross-examination the defendants submitted to the witness the alleged written collateral contract. Its execution was admitted, as was the fact that it was made contemporaneously with, and as a part of, and in furtherance of, the agreement in

which the note and mortgage sued on were given. This alleged collateral contract was identified by the witness, offered in evidence, and read to the jury. The above was substantially all the material evidence in the case. The note and mortgage were in the usual form of such instruments, and, taken independently, upon their face imported an absolute and fixed liability. The alleged collateral contract was as follows:

### "CONTRACT.

"This contract, made and entered into this 9th day of October, 1907, by and between R. A. Dill, of Okemah, Ind. Ter., party of the first part, and the Citizens' Bank & Trust Company, of Okemah, Ind. Ter., party of the second part, witnesseth: Whereas, the party of the first part has this day deposited in escrow in said Citizens' Bank & Trust Company [his note and mortgage] to secure the payment and to protect said bank from any loss that might be sustained by said bank on notes made to said bank and carried as bills receivable, on or before July 5, 1907. It is further agreed by both parties that if any loss on notes to said bank occurs, that the party of the first part hereby binds himself to pay to the party of the second part one-third of such loss, and that the party of the second part is authorized to charge this escrow account with one-third of the actual loss on such notes executed prior to the above mentioned date. It is further agreed that, if any or all of such notes be renewed to the satisfaction of the officers of such bank, or paid, then this contract is not binding as to such renewed or paid notes; but in all cases where a loss occurs on such notes, one-third of such loss is to be paid by the party of the first part. In case no loss occurs on said notes prior to July 5, 1912, then the above amount is to be turned back to R. A. Dill, or in case loss occurs not amounting to the above amount, then this escrow amount cannot be charged only *pro rata.*

"R. A. DILL,
　　　　Party of the First Part.
"CITIZENS' BANK & TRUST CO.,
　　　　Party of the Second Part.
"W. H. DILL,
　　　　"President.
"M. B. FLESHER,
　　　　"Cashier."

The words in the brackets above, "his note and mortgage," are not in the copy of the contract, leaving the contract, as it appears in the record, silent as to what is deposited in the bank; but in construing the contract, in the light of the pleadings and the evidence of the president of plaintiff bank, admitting that it was executed in furtherance of, and in connection with, the note and mortgage sued on, it appears clear that the words read into it were left out unintentionally—a mere clerical omission. It is obvious that the plaintiff bank brought this suit and tried it upon the theory that, notwithstanding the contemporaneous collateral written contract, that the note and mortgage, absolute in form, created an absolute and fixed liability in the sum named.

The defendants defended on the theory that the note and mortgage should be construed in the light of, and in connection with, the collateral agreement, and that, when so construed, they imported only a contingent liability, and that the contingency necessary to fix any liability whatever on the defendants had not happened. We believe this to be the law: When a note and mortgage, absolute in its terms, has been executed, together with a contemporaneous collateral written agreement changing the absolute liability expressed in the note and mortgage to a contingent liability only, that upon a suit upon the note and mortgage, before a recovery can be had, the happening of the contingency stipulated in the collateral agreement must be shown by some evidence.

It seems to us that a very brief consideration of this case, upon the evidence shown, will suffice. When the plaintiff bank identified, introduced, and read to the jury the note and mortgage, and testified, through its president, that same was past due and unpaid, it had presented a *prima facie* case that would have entitled it to judgment; but when its president, as a witness, identified the collateral contract, admitted its execution, and that it was part of the note and mortgage contract, its *prima facie* case was destroyed, unless it should introduce further evidence showing that the conditions necessary to create a liability had happened—that is to say, that it had suffered a loss on its bills

receivable. This it failed to say, or show by any evidence, although, if any loss of this nature had been suffered, it was in a better position than any one else to show it promptly. Indeed, it might be fairly presumed that its president, while on the witness stand, was in possession of such personal knowledge.

Therefore, believing that under the proof in this case the verdict of the jury was fully justified, we are of the opinion that the judgment of the district court, in which the trial was had, should be in all things affirmed.

By the Court: It is so ordered.

All the Justices concur.