## McFARLAN *et al.* v. ADAIR.

No. 4054.    Opinion Filed April 20, 1915.

(148 Pac. 138.)

**INDEMNITY—Bond—Assignment—Right of Action.** A, consigned a car of cattle to B., who received and sold same for A and paid him a part on account thereof and agreed to pay the balance, but did not. Later B, paid balance to C, and others, who claimed an interest therein on the execution of an indemnifying bond against liability to A. therefor. A assigned his claim to D., who recovered judgment against B. for the amount thereof. D. assigned said judgment to E. The judgment became final, and E. released same, on consideration of transfer of said bond to D., who brought suit thereon against C. and others, and recovered judgment for balance of the purchase price of said cattle, with interest. **Held,** that C. and others were liable for the amount thereof under said bond.

(Syllabus by Dudley, C.)

*Error from District Court, Hughes County;*

*John Caruthers, Judge.*

Action by James L. Adair against B. Porter McFarlin and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Gibson & Thurman* and *Lafayette Walker,* for plaintiffs in error.

*Crump & Skinner,* for defendant in error.

DUDLEY, C. This is an appeal from the district court of Hughes county. The action is a suit upon an indemnifying bond. The defendant in error, plaintiff below, recovered judgment against the plaintiffs in error, the defendants below, for the amount sued for. For convenience, we will refer to the parties as they were in the court below. The facts, briefly stated, are:

On October 14, 1901, L. H. Adair, of Wetumka, Ind. T., consigned a car load of cattle to Campbell, Hunt & Adams, commission merchants, at the National Stockyards, Ill.; that said commission merchants received and sold said cattle for and on account of the said L. H. Adair, for the sum of $403.30 net; that they paid to him, on account thereof, the sum of $20; and agreed and promised to remit the remainder thereof to him at his home in Wetumka, but failed to do so; that on January 3, 1902, the defendants, who were members or trustees of the Creek Live Stock Protective Association, informed said commission merchants that said car load of cattle was stolen, and not the property of the said Adair, and thereupon made demand upon said commission merchants to pay the remainder of the net proceeds of said cattle to them, and that they would pay over and distribute the same to the parties rightfully entitled thereto; that they would protect said commission merchants from liability to said Adair on account of said proceeds, or any part thereof; thereupon said commission merchants paid the net proceeds of said cattle to said defendants, upon the execution and delivery to them of the following agreement in writing:

"National Stockyards, Ill., Jan. 3d, 1902.

"Received of Campbell, Hunt & Adams three hundred eighty seven and 30/100 ($387.30). The same being net proceeds of car of stock consigned by L. H. Adair, and sold by Campbell, Hunt & Adams, Oct. 14th, 1901. We, the trustees of the Creek Live Stock Protective Association, agree to distribute this money among the parties to whom it rightfully belongs and further bind ourselves to be responsible to Campbell, Hunt & Adams should they, at any time, become liable for the whole or any part of this amount.

"[Signed,]        B. P. McFarlin.
"R. H. Jackson.
"B. F. Wilson.
"C. B. Schaff.
"J. J. Pickens.
"R. M. McFarlan, Pres."

That thereafter, and on August 18, 1902, the said L. H. Adair, for a valuable consideration, sold and transferred said claim for the balance of the net proceeds of· said cattle, to the plaintiff J. L. Adair, his father, which said transfer is as follows:

"Know all men by these presents that I, L. H. Adair, of Wyuma, Arizona, in consideration of ($375.00) three hundred and seventy-five dollars, to me in hand paid by J. L. Adair, of Holdenville, Indian Territory, the receipt of which I hereby acknowledge, have sold, transferred and by these presents do assign unto the said J. L. Adair, a certain debt due and owing to me from Campbell, Hunt & Adams, live stock commission agents of the National Stockyards, state of Illinois, for cattle shipped and consigned to them amounting to the sum of three hundred eighty-seven thirty one hundredths ($387.30) dollars.

"And I do hereby authorize the said J. A. Adair, in my own name or otherwise, but at his own cost to sue for, collect and receive, sell and transfer, settle or discharge the said debt.

"And I do covenant that the said sum of $387.30 is justly due to me from the said Campbell, Hunt & Adams, and that I have neither done, nor will do anything to lessen or discharge the said debt, or hinder the said J. L. Adair or his assigns, from collecting the same.

"In witness whereof I have hereunto set my hand and seal this the 18th day of August, 1902.        L. H. Adair."

That thereafter, and on May 10, 1904, the plaintiff, as the assignee of said claim, filed a suit against said commission merchants in the circuit court of Jackson county, Mo., and thereafter, and on December 14, 1904, recovered judgment in said court against said commission merchants upon said claim for the sum of $460.88, with interest thereon at 6 per cent. from that date and cost of suit; that thereafter and on said day the plaintiff sold, transferred, and assigned said judgment to A. G. Adair, which said assignment, omitting the caption, is as follows:

"Know all men by these presents that I, J. L. Adair, plaintiff in the above-entitled cause of action, having obtained judg-

ment against said defendants for the sum of four hundred sixty and 88/100 dollars do, for and in consideration of the sum of $1.00 and other valuable consideration, transfer, assign, and set over said judgment and all my rights and interests in and to the same A. G. Adair, of Havre, Montana. To have and to hold unto the said A. G. Adair, his heirs and assigns, forever against the claims of J. L. Adair.

"Witness my hand on this 14th day of December, 1904.
"Witness:    T. T. Baker.                        J. L. Adair."

That steps were taken by said commission merchants to perfect an appeal from said judgment to the Court of Appeals of Missouri, but, as a matter of fact, no appeal was ever perfected. However, a supersedeas bond was given, and time extended from time to time to perfect the appeal.

That thereafter, and on June 5, 1905, the said A. G. Adair, the assignee of said judgment, released and satisfied the same; said release and satisfaction being in words and figures as follows:

"For value received the judgment rendered by the circuit court of Jackson county, Mo., at Independence, on the 14th day of December, 1904, in suit numbered 14084, and recorded in Book 16 at page 223, in which J. L. Adair was plaintiff and G. W. Campbell, A. B. Hunt, and J. W. Adams were defendants, which judgment was for the sum of $460.88 in favor of the plaintiff, said J. L. Adair, and which said judgment was on the said 14th day of December, 1904, for value received, transferred and assigned to the undersigned A. G. Adair, is hereby released, discharged, and satisfied in full.

"Witness the hand of A. G. Adair by his agent, J. L. Adair, and also his attorney of record, this, the 5th day of June, 1905.
                                "A. G. Adair,
"By J. L. Adair, His Agent,
                        "White & Baker, His Attorneys."

That said judgment was released on consideration that said commission merchants assign and transfer to the plaintiff herein the indemnifying bond executed by the defendants herein. Said bond was duly assigned to the plaintiff herein on

the date of the release and satisfaction of said judgment. Said assignment is in the usual form.

That thereafter, and on October 7, 1905, said plaintiff commenced this action in the United States Court for the Western District of the Indian Territory, sitting at Wewoka, against said defendants, upon said bond so assigned to him, to recover the amount due thereunder. Upon the advent of statehood, said cause was transferred to the district court of Hughes county, where the same, on December 13, 1911, was tried, resulting in a judgment in favor of the plaintiff for the sum of $387.30, with interest thereon at 6 per cent. from June 5, 1905, and cost of suit. From this judgment the defendants have perfected an appeal to this court.

The defendants assign numerous errors in their brief, but none of them are presented, with possibly the exception of the third, which is:

"That the trial court erred in granting a peremptory instruction to the jury to return a verdict for the plaintiff."

The other assignments, not being presented, are waived. *Allison v. Bryan,* 26 Okla. 520, 109 Pac. 934, 30 L. R. A. (N. S.) 146, 138 Am. St. Rep. 988; *Citizens' Bank & Trust Co. v. Dill et al.,* 30 Okla. 1, 118 Pac. 374. The gist of the contention of the defendants is: (1) That the Missouri judgment was assigned by the plaintiff to A. G. Adair, and by him released, and never reassigned to the plaintiff, and that therefore he cannot maintain this action; and (2) that the Missouri judgment was not a final judgment at the time of the institution of this action, and therefore the liability on the bond was not fixed, and on account thereof the action was prematurely brought.

An examination of the record conclusively shows that there is nothing in either of these contentions. It is true that the Missouri judgment was assigned by the plaintiff to A. G. Adair.

This he had a right to do. Later the assignee of that judgment released the same, on consideration that the judgment debtors, said commission merchants, would assign their bond to the plaintiff herein. This was done, and by this assignment the plaintiff became the absolute owner of the bond sued on. The judgment was assigned and released for valuable consideration. After the rendition of the Missouri judgment some steps were taken to perfect an appeal to the Court of Appeals of Missouri. The record recites that a supersedeas bond was given and approved. The bond itself, however, does not appear in the record. Time was given to perfect the appeal, but before the expiration of the time allowed to perfect the appeal the judgment was released and satisfied by the holder thereof, and it is fair to assume that the appeal was never perfected.

The Missouri judgment was a final judgment, and definitely fixed the liability of the defendants under the bond, and the plaintiff, who was the owner of the bond, by proper assignment, had a right to maintain this action thereon.

Since no other objections are urged as to the correctness of the judgment of the trial court, we think it should be affirmed.

By the Court: It is so ordered.