## CLANTON v. CITY OF ALTUS et al.

No. 15591—Opinion Filed Sept. 16, 1924.

(Syllabus.)

1. **Appeal and Error—Necessity for Presenting Assignments of Error in Brief.**

The rule that causes assigned for new trial in the motion for new trial, and assignments of error in the petition in error, which are not presented and argued in the brief of plaintiff in error, will be treated as abandoned, and will not be considered by this court, has long since become the settled law and practice in this jurisdiction.

2. **Same—Failure to Argue—Review.**

Where, in a suit for injunction, the only assignment of error contained in the brief of plaintiff in error is "said court erred in refusing to grant unto plaintiff in error a writ of injunction as prayed for in the petition of said plaintiff in error," such assignment is insufficient to properly present any question for review in this court.

Error from District Court, Jackson County. A. S. Wells, Assigned Judge.

Action by B. H. Clanton against the City of Altus. Judgment for defendant, and plaintiff brings error. Affirmed.

T. E. Robinson, for plaintiff in error.

L. A. Pelly and P. K. Morrill, for defendants in error.

GORDON, J. In this action plaintiff in error sought in the district court an injunction to restrain the city of Altus from performing a certain contract entered into by the city with Fulton Iron Works Company of St. Louis Mo., involving the lease by the city of Altus of an engine with various accessories. The petition alleges that on February 21, 1924, the city of Altus contracted with the Fulton Iron Works Company for the lease of a certain Fulton Diessee Oil Engine with standard spare parts and accessories per specifications attached, arranged for direct connection to and including one 625 K. V. A. 500 K. W. 8 P. F. 2,300 volt, 60 cycle, 3 phase 164 R. P. M. general electric alternator without exciter, but with solid plates.

It is further alleged that the city agreed to pay for the use of said machinery $5,000 cash, on acceptance of the contract, which amount was paid February 21, 1924, and $10,000 cash when the machinery was ready for shipment, and $1,355.75 per month for a period of 12 months, with the option of renewing said lease contract for another period of twelve months, or the option to purchase the machinery in fee simple for the consideration of $27,852.64. It is alleged that, while said contract is called a lease, in truth it is a conditional sale contract, and that it was entered into as a lease for the purpose of evading the statutory and constitutional provision against the incurring of excessive indebtedness by cities within this state. In the petition it is claimed that the contract is void, for the following reasons:

"(1) That the amount and value of said property being so purchased was in excess of $500.00, and no election was called or held to vote to provide for or approve said contract.

"(2) That the terms of the contract incurred an indebtedness greater than the current revenue of the city for the year in which it was executed, and no taxes had been levied or other provisions made to meet the payment thereof, and that said sum exceeds the income and revenue provided for the year 1924.

"(3) That no levy was made for the purpose and no estimate made or approved by the excise board for the purpose of either leasing or buying said machinery.

"(4) That said indebtedness incurred by said contract, including existing indebtedness, in the aggregate, exceeds five per cent. of the taxable property within the city of Altus as shown by the last assessment for state and county purposes previous to the incurring of such indebtedness and that three-fifths of the voters of the city of Altus did not vote at an election held for that purpose to authorize the said contract to be entered into."

To this petition the city filed its answer in the form of a general denial. The cause went to trial: evidence was introduced before the court without a jury, and this evidence went merely to the question of the amount of money on hand in the different funds of the city, and the taxable value of the property within the city limits, together with the bonded indebtedness, etc. No evidence was introduced which would tend to indicate any actual fraud in the transaction. The trial court, having heard the evidence. rendered a judgment in favor of the defendant, denying the petition for injunction. Motion for new trial was filed and overruled, and the cause is here on appeal from such judgment.

The petition in error sets forth the following assignments:

"(1) Said court erred in overruling motion of plaintiff in error for new trial.

"(2) Said court erred in refusing to grant unto the plaintiff in error a writ of injunction as prayed for in the petition of said plaintiff in error.

"(3) Said court erred in admitting evidence on the part of the defendant in error over the objection of the plaintiff in error at the time duly made and to which action of the court said plaintiff in error at the time duly excepted.

"(4) Said court erred in refusing and ruling out competent and legal evidence offered on the part of plaintiff in error."

The grounds of the motion for a new trial are as follows:

"(2) Error of the court in receiving in evidence over the objection of the plaintiff irrelevant, incompetent, and immaterial testimony offered and had upon the part of the said defendant.

"(3) Error of the court in excluding competent, relevant, and material testimony and evidence offered on the part of the plaintiff."

The brief of plaintiff in error sets forth simply the contract complained of, in full, with no abstract of any evidence touching the question of the amount of money in the hands of the city for the purpose of the contract. The assignment of errors, as carried into the brief, are as follows:

"(1) The court erred in overruling the motion of plaintiff for a new trial.

"(2) The court erred in refusing to grant unto the plaintiff in error a writ of injunction as prayed for in the petition of said plaintiff in error."

In treating the first assignment of error plaintiff in error says merely, "Under this assignment of error plaintiff in error desires to offer and present to the court all that is said and presented under assignment of error No. 11."

In his argument under his second assignment, plaintiff in error contents himself with saying that the contract complained of is a conditional sale contract and that by reason thereof the city of Altus is attempting to incur an indebtedness in excess of the limitation placed upon its power to contract indebtedness, and that therefore the contract is void. In support of this contention he cites Fairbanks-Morse Co. v. Geary, 59 Okla. 2, 157 Pac. 720; Eureka Fire Hose Mfg. Co. v. Granite, 59 Okla. 282, 159 Pac. 308; O'Neil Engineering Co. v. Ryan, 32 Okla. 738, 124 Pac. 19; Garvin Co. v. Lindsay Bridge Co., 32 Okla. 784, 124 Pac. 324; Giles et al v. Dennison et al., 15 Okla. 55, 78 Pac. 174; Campbell et al. v. State, 23 Okla. 109, 99 Pac. 778; section 26 of art. 10 of the Constitution of the state of Oklahoma: section 4582 of Compiled Statutes of the State of Oklahoma, 1921 Compilation.

Upon a consideration of the motion for new trial, as found in the record, the petition in error and the assignments of error, as carried forward into the brief of plaintiff in error, there arises a serious question whether there is any matter properly presented here for review by this court.

As above shown, the motion for new trial

alleges error only in the admission and exclusion of testimony. We note that a first paragraph of this motion is lacking, and it may be that some other ground was contained therein and urged upon the trial court. However that may be, no such additional ground is urged in the brief, and plaintiff in error has in his brief wholly abandoned any question of error as to admission or exclusion of testimony.

The rule that "causes assigned for new trial in the motion for new trial, and assignments of error in the petition in error, which are not presented or argued in the brief of plaintiff in error, will be treated as abandoned, and will not be considered by this court." has long since become the settled law and practice in this jurisdiction. DeVitt et al. v. City of El Reno et al., 28 Okla. 315-318, 114 Pac. 253; Eiklor et al. v. Badger, 25 Okla. 853, 108 Pac. 359.

The only assignment of error attempted to be argued by plaintiff in error is as follows:

"Said court erred in refusing to grant unto the plaintiff in error a writ of injunction as prayed for in the petition of said plaintiff in error."

By this statement, plaintiff in error says to this court that injustice has been done, but he does not tell us when, nor where, nor how. The purpose of the petition in error is to direct the attention of this court to the particular error, and the purpose of the brief is to apply the authorities to the particular error so pointed out. Such an assignment is insufficient to raise any question for review in this court. DeVitt et al. v. City of El Reno et al., supra; Board of Commissioners of Woods Co. v. Oxley, 8 Okla. 502, 58 Pac. 651; Mooney et al. v. First State Bank of Washington, 48 Okla. 676-681, 149 Pac. 1173; Standard Stone Co. v. Greer, 52 Okla. 595-597-598, 153 Pac. 640; Gill et al. v. Haynes, 28 Okla. 656, 115 Pac. 790.

There being nothing properly presented for review here, the judgment of the trial court is affirmed.

McNEILL, C. J., and NICHOLSON, BRANSON, HARRISON, and WARREN. JJ.. concur.