## SAMPSON v. BEELER & BENNETT.

No. 13999—Opinion Filed Oct. 14, 1924.

1. **Indemnity — Assignment of Contract — Right of Assignees to Sue for Breach.**

Where a garage owner sells and transfers a garage business, including a lease upon the building in which the garage is being operated, and in addition to the sale, and as a part and parcel of the transaction, signs a contract in writing agreeing to indemnify his purchaser for all rentals required to be paid above a stipulated amount, such contract in writing is assignable along with interests in the said garage business, and the assignees are proper and necessary parties plaintiff in prosecuting an action for the breach of the terms of the written contract of indemnity.

2. **Same—Action for Breach—Sufficiency of Petition.**

Where owners of an assignable indemnity contract bring action for the breach thereof, and allege its execution by the defendant, the breach thereof by the defendant, including the defendant's refusal to reimburse plaintiffs for money required of them to be paid over and above the amount fixed in the indemnity contract, the petition alleges a cause of action for the amount paid by plaintiffs over and above the amount fixed in the indemnity contract. and it is not error to overrule the demurrer thereto or an objection to the introduction of any testimony offered by plaintiffs for the reason that the petition does not state facts sufficient to constitute a cause of action.

3. **Trial—Overruling Demurrer to Plaintiffs' Evidence.**

Where the plaintiffs' evidence reasonably tends to establish the allegations of their petition. which states a cause of action, and would reasonably tend to support a verdict for plaintiffs, it is not error of the trial court to overrule a demurrer to the plaintiffs' evidence.

4. **Trial—Directing Verdict for Plaintiffs.**

Where the plaintiffs' evidence is undisputed and uncontradicted, and establishes plaintiffs' right to recover a certain sum of money, it is not error of the trial court to direct a verdict of the jury for such sum.

5. **Judgment Sustained.**

Record examined; and held, that the undisputed and uncontradicted evidence adduced at the trial established the right of plaintiffs to a judgment against defendant for the sum which the verdict was directed by the trial court; and held, that the disputed matters were resolved in the defendant's favor, leaving no just cause for complaint; and held, that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion. Division No. 4.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by George R. Beeler, W. E. Bennett, and George R. Beeler, Jr., partners doing business as Beeler & Bennett, against F. E. Sampson. Judgment for plaintiffs, and defendant appeals. Affirmed.

Sitton & Anderson, for plaintiff in error.

J. G. Clift, for defendants in error.

Opinion by SHACKELFORD, C. The defendants in error were the plaintiffs in the trial court, and the plaintiff in error was the defendant. The parties will be referred to herein as plaintiffs and defendant as they appeared in the court below.

The plaintiffs filed their action in the district court of Stephens county on the 12th of November, 1921. They subsequently filed a supplemental petition on April 24.1922. It is alleged in the petition and supplement thereto that on or about the 17th of June, 1920, one of the plaintiffs, George R. Beeler, Jr., entered into a contract with the defendant in which Beeler bought from the defendant the property known as the Duncan Garage, and that as a part of the transaction the defendant agreed in writing to transfer and assign to Beeler his lease upon the building where the garage was being operated. The defendant represented in his contract concerning the lease that he had a lease upon the property for two years from and after May 1, 1920, at a monthly rental of $225. He agreed in the contract to protect the leasehold and agreed that if the lease was attacked by suit he would defend

at his own expense, and agreed that if Beeler should be required to pay more than the sum named as rentals, that he himself would pay the excess. The contract was made a part of the petition, and copy attached. It is alleged in the petition that George R. Beeler, Jr., assigned rights in the property, including the lease and the defendant's obligation in writing, to the other plaintiffs, George R. Beeler and W. E. Bennett; that the defendant never, in fact, had a two year lease, but had only a lease upon the property running from month to month; that the landlord raised the rent for April, 1921, to $300, and thereafter to $333.33 per month, which the plaintiffs were compelled to pay; they alleged demand upon the defendant, and nonpayment. They seek to recover $75 for the month of April, 1921, and the sum of $108.33 per month for the remaining months to May 1, 1922, an aggregate of about $1,375.

The defendant demurred to the petition for the reason that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and exception taken. The defendant then answered by general denial except as to matters specifically admitted. Defendant admitted the execution of the contract relied upon by the plaintiffs, but seeks to avoid the contract with Beeler upon the ground that his lease contract with the land owner was an oral contract and was not binding beyond one year, of which fact Beeler had knowledge, and that the owner had refused to give a written lease, of which Beeler also had knowledge, that the plaintiffs voluntarily procured a contract with the owner at an advanced rental and without consulting the defendant, and pleaded such fact as a waiver of the contract signed by him. The plaintiffs replied by general denial.

The cause was called for trial on the 1st of May, 1922, the trial resulting in an instructed verdict for the plaintiffs in the sum of $975, on which judgment was entered. The defendant appeals and presents the errors assigned under the following propositions:

"1. The court erred in overruling the defendant's demurrer to the plaintiffs' petition, and in overruling defendant's objection to the introduction of evidence and in overruling the defendant's demurrer to plaintiffs' evidence.

"2. The court erred in instructing a verdict for the sum of $975 for plaintiffs, since the same was not sustained by the evidence, and is excessive."

The defendant raises, by his demurrer to the plaintiffs' petition, and by his objection to the taking of any evidence for plaintiffs, the question of the sufficiency of the petition to state a cause of action in favor of the plaintiffs and against the defendant. The effect of the allegations of the petition is that the defendant gave his obligation in writing as part and parcel of the sale of his garage business to one of the plaintiffs, that the monthly rentals would not exceed the sum of $225, he, defendant, claiming that he had a lease on the property for two years at that price, that later it turned out that defendant had an oral agreement for monthly rentals at the price named, and the landlord raised the rent, first to $300, and afterwards to $333.33, which the plaintiffs paid, and the defendant failed to make good on his obligation on demand made by the plaintiffs, and while the obligation in writing was given to one of the plaintiffs, the other two plaintiffs acquired rights in the contract by assignment upon their buying interests in the garage from George R. Beeler, Jr., and held the same with the plaintiff to whom the obligation was given, and helped to pay the increased rentals. We think the petition stated facts sufficient, as against a general demurrer, to state a cause of action against the defendant for the rents paid over and above the sum of $225.

The defendant seriously contends that the written obligation was given to George R. Beeler, Jr., and that it was not negotiable, and the other plaintiffs could not acquire any legal rights in the contract so as to maintain an action against the defendant because of the breach of the obligation, and for this reason the demurrer to the petition, and the objection to the introduction of testimony by the plaintiffs, should have been sustained. The written contract or obligation made by the defendant to plaintiff George R. Beeler, Jr., is in the nature of an agreement to indemnify Beeler if he had to pay a greater rental on the property than $225 per month, for any months terminating with the 1st of May, 1922. In 31 C. J. 466 it is said:

"A covenant or written promise of indemnity is generally held to be assignable so as to permit the assignee to recover thereon against the indemnitor."

This seems to be the general rule. In Minnetonka Oil Co. v. Cleveland Vit. Brick Co., 27 Okla. 180, 111 Pac. 326, this court held:

"Under our statutes every chose in action not founded upon tort is assignable, and right of action is conferred upon the assignee. * * * The presumption is that if the contract is to be non-assignable the parties thereto will so expressly provide. Other-

wise the same is to be considered as assignable. * * * Individual and commerciable development has tended to sweep away the limitations of the ancient common law, not only as to entailments, and restrictions as to land, but also as to contracts, and choses in action, with a view that whatever one owns cannot be rendered valueless as an asset in business or trade."

It was held in McFarlin v. Adair, 46 Okla. 46, 148 Pac. 138, that a contract of indemnity is assignable. It is alleged in plaintiff's petition that George R. Beeler, Jr., sold an interest in his garage business to the other two plaintiffs, and that interests in the obligation of the defendant was transferred by George R. Beeler, Jr., to his associates in the garage business, and that the plaintiffs paid the rents, including the amounts over and above the $225 per month, running from April 1, 1921, to May 1, 1922. The contract of indemnity given by the defendant to George R. Beeler, Jr., was assignable, and the assignees of interests therein were authorized to prosecute an action for the excess rents paid by the parties owning the garage and paying the rents. The petition stated a cause of action in favor of the plaintiffs and against the defendant, and the trial court did not err in overruling the defendant's demurrer to the petition, and did not err in overruling the defendant's objection to introduction of the plaintiff's evidence. The plaintiffs' evidence tended to establish the allegations of the petition. It follows that the court did not err in overruling the defendant's demurrer to the plaintiffs' evidence.

At the close of the evidence the trial court directed the jury to return a verdict for the plaintiffs in the sum of $975. The defendant complains that the direction given was unauthorized and not supported by the evidence, and is excessive. The proof in the case is all one way that the defendant executed and delivered the indemnity obligation, that he had only an oral agreement with the landlord for a month to month rental of $225, that on the 1st of April, 1921, the landlord raised the rentals to $300 per month, and that the plaintiffs paid the rentals for 13 months to the end of the time covered by the indemnity agreement, that defendant refused to reimburse the plaintiffs for excess rents paid over and above $225 per month. The matter in dispute was whether or not plaintiffs were entitled to recover the additional $33.33 for the last year

covered by the indemnity contract. The plaintiffs contended, in effect, that they were forced into making a contract to pay $333.33 per month to keep from being subjected to other and additional raises in the monthly rentals, that by taking a five year lease at $333.33 they could prevent a further raise in the rentals. The defendant contends that plaintiffs voluntarily entered into the agreement to pay the additional excess rentals. As to the additional $33.33 the learned trial judge resolved the matter in favor of the defendant. There seems to be no question under the evidence but that plaintiffs were entitled to the $75 per month for 13 months. This would amount to $975, the amount for which the direction was given. The proof tends to show that the landlord was willing to accept $300 per month without a written contract, subject to raise at any time, but was willing to give a contract for five years at $333.33 per month. There was no dispute about the raise of $75 per month from April, 1921, being made by the landlord, while the indemnity contract covered a period up to May 1, 1922. The direction given was authorized by the undisputed and uncontradicted evidence adduced upon the trial. All other matters being resolved in defendant's favor, there was no real ground for complaint.

We recommend that the judgment entered upon the directed verdict be affirmed.

The plaintiffs move for judgment on the supersedeas bond. The judgment was rendered in the trial court on the 1st of May, 1922, in the sum of $975, against the defendant F. E. Sampson. The judgment was superseded pending appeal by the defendant, by giving a supersedeas bond in the sum of $2,000, with J. P. Sampson and Roy Langham as sureties thereon. The plaintiffs are now entitled to judgment against the said sureties.

Therefore, it is considered, ordered, and adjudged that the plaintiffs, Beeler & Bennett, a copartnership composed of George R. Beeler, W. E. Bennett, and George R. Beeler, Jr., do have and recover of and from J. P. Sampson and Roy Langham, sureties on the supersedeas bond of the defendant F. E. Sampson, the sum of $975, with interest thereon at the rate of six per cent. per annum from and after May 1, 1922, and the costs of the action and of the appeal, for all of which let execution issue.

By the Court: It is so ordered.