## HOME SAVINGS & LOAN ASS'N v. KEATON et al.

No. 16682—Opinion Filed May 25, 1926.

**Mortgages — Conditions — Acceleration for Breach — Contingency — Evidence.**

In a real estate mortgage containing pro-

visions for. accelerating maturity of deferred payments upon breach of certain conditions, and in which mortgage the note which it secures is copied verbatim, a provision of the note creating a contingency for acceleration of payments and foreclosure constitutes a limitation on the right of acceleration, and unless there is some evidence that the contingency has arisen, the right to accelerate payments and to foreclose the mortgage is inoperative, even though there has been a technical breach of one of the conditions of the mortgage.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by Harry Morris against Wm. H. Nevins, Marie L. Keaton, Harwood Keaton, and Ketchum Lumber Company, in which the Home Savings & Loan Association was made a party defendant on motion. From an order vacating a judgment in favor of Home Savings & Loan Association and granting Marie L. Keaton and Harwood Keaton a new trial, the loan association brings error. Affirmed.

This action was commenced in the superior court of Okmulgee county by Harry Morris filing therein his petition against Wm. H. Nevins, Marie L. Keaton, Harwood Keaton, and Ketchum Lumber Company, to establish and foreclose a mechanic's lien on lots numbered 5 and 6 in block 10 of Lake Park addition to the city of Okmulgee. After answer and cross-petition had been filed by Ketchum Lumber Company, and after answers had been filed by the Keatons, plaintiff filed his motion requesting the court to make the Home Savings & Loan Association of Bartlesville a party defendant, said motion showing that said loan association had a mortgage of record on the premises. Thereupon, an order was entered making the loan association a party defendant, and it was duly served with summons. Plaintiff then filed an amended petition substantially the same as the original petition, except that it alleged that the mortgage of the Home Savings & Loan Association was junior and inferior to the mechanic's lien of plaintiff. In obedience to the order of the court and the summons served upon it, the Home Savings & Loan Association filed an answer and cross-petition in the action, and sought foreclosure of its mortgage on the premises involved for the sum of $3,361.63, and $400 as attorney's fees, alleging a breach of certain conditions of its mortgage and acceleration of its maturity by reason of said breaches of conditions.

After numerous demurrers and motions

had been disposed of, the cause was finally set down for trial on May 18, 1925, and was reached on the docket on May 22, 1925. It appears that on the day the case was reached for trial another case was on the docket ahead of it, and trial of that case was commenced. The defendants Keaton, with their attorneys, were present in the court room when trial commenced in the other case, and pending its disposition they appear to have gone out into the corridor, outside the court room, to await the conclusion of the case on trial. At the time the case was reached and before trial was commenced in the case ahead of it, it was announced to the court that the claim of plaintiff had been fully settled, and that the claim of Ketchum Lumber Company under its cross-petition had been paid in full, and the petition of plaintiff and the cross-petition of Ketchum Lumber Company were both dismissed with prejudice. This left only the claim of Home Savings & Loan Association for foreclosure of its mortgage to be disposed of. During an intermission in the trial of the case then before the court, it appears that attorneys for Home Savings & Loan Association, in the absence of defendants Keaton and their attorneys from the court room, took judgment on its note against the Keatons for the sum of $4,461.63, with interest and $400 as attorney's fees. The mortgage securing said note was decreed to be a first and prior lien on the premises, and was by the court ordered foreclosed. Within three days after the entry of this decree, Harwood Keaton and Marie L. Keaton filed their motion to vacate this judgment so procured against them, and also filed a motion for new trial. Both motions were heard by the court June 2, 1925, and after hearing testimony the court entered its order vacating the judgment of May 22, 1925, and granting defendants Harwood Keaton and Marie L. Keaton a new trial of the action. After unsuccessful motion for new trial, the Home Savings & Loan Association has brought the case here by petition in error with case-made attached, to review the order of the trial court vacating the prior judgment and granting the defendants a new trial.

Shipman & Lewis and Cochran & Ellison, for plaintiff in error.

Marrick A. Whipple and Joseph J. Rosenbloom, for defendants in error.

Opinion by LOGSDON, C. Numerous errors are assigned in the petition in error, but in the briefs only one proposition is presented and argued to this court. That proposition is thus stated in the brief of Home Savings & Loan Association :

"Where, in a real estate mortgage, the mortgagors covenant 'to keep the lands and improvements thereon iree from all statutory lien claims of every kind,' and covenant that in case of default in the performance of such condition the mortgage may be immediately foreclosed and afterwards permit mechanic's liens on the property to be filed and suit brought thereon, bringing in the mortgagee as defendant, and the mortgagee files answer and cross-petition against the mortgagors to foreclose its mortgage for such breach of condition, the mortgagors cannot de eat the mortgagee's right to foreclose by paying off, on the day of trial, the claims of the lienors and procuring dismissals by them; and when the mortgagors have filed no answer or other response to the cross-petition of the mortgagee, judgment and decree of foreclosure should be entered as o. course for the mortgagee against the mortgagors."

In support of the foregoing proposition, the loan company has cited and quoted from a number of cases from courts of other states, but an examination of the cases cited discloses that they are readily distinguished from the instant case by reason of the provisions contained in the mortgages considered.

In the instant case the conditions of the mortgage relied on to accelerate the maturity of the deferred payments do not, in the judgment of this court, authorize a foreclosure in the instant case as contended for by the association. After providing that the parties of the first part, the Keatons, shall pay all taxes and assessments, general and special, against the property and the improvements thereon when due, and to keep said improvements in good repair and to keep the buildings constantly insured in such companies as the party of the second part, the loan association, may designate, such policies of insurance to be constantly trans erred to said party of the second part, this further provision is expressed:

"And also to keep said lands and improvements thereon free from all statutory lien claims of every kind, and if any or either of said agreements be not performed as aforesaid, then said party of the second part, its successors or assigns, may pay such taxes and assessment and may effect such insurance, for such purpose, paying the costs thereof, and may also pay the final judgment for any statutory lien claims, and may invest such sums as may be necessary to protect the title or possession of .said premises, including all costs, **and for the repayment** of all monies so expended, together with the charges thereon as provided by the by-laws of said association, these presents shall be security."

Following this condition of the mortgage

it is then recited that Marie L. Keaton and Harwood Keaton have executed and delivered to the Home Savings & Loan Association their note or obligation, which is then copied verbatim into the mortgage. In the note so copied into and made a part of the mortgage this provision is expressed:

"If we shall fail for a period of six successive months to pay dues, interest, or other charges required by the by-laws, or shall become indebted to the association in a sum equal to the gross amount of the dues and interest for a period of six months, then the whole of this obligation shall become due and payable and may be collected by law."

Immediately following this copy of the note in the mortgage, is the provision that if the parties of the first part shall pay the note and shall faithfully perform all of the other agreements, then the mortgage shall be void, otherwise the mortgage shall remain in full force and may be immediately foreclosed and enforced "for the unpaid amount of the principal of said note, the unpaid interest, and the expenditures hereinbefore named. * * *." It will be noted that the first condition of the mortgage above quoted does not authorize an acceleration of the maturity of deferred payments because the mortgagors suffer or permit statutory lien claims to accrue and mature against the property, but merely authorizes the association in such event to pay the final judgment for any statutory lien claims, including all costs, and that the mortgage shall be security for the repayment thereof. In the note copied into and made a part of the mortgage, the condition is that if by reason of any payments made by the mortgagee to protect the mortgage security against statutory lien claims, the sum so paid shall equal the gross amount of the dues and interest under the mortgage for a period of six months, then the note and mortgage shall become immediately due and payable, and may be collected by law.

It is thus clearly evident from the language of the parties contained in their written contract, that the mere accrual and maturity of statutory lien claims does not authorize an acceleration of deferred payments and the foreclosure of the mortgage. It is only when the payment of the "final judgment for any statutory lien claims, * * * including all costs," shall become "equal to the gross amount of the dues and interest for a period of six months," that acceleration of deferred payments and foreclosure of the mortgage is authorized. In the instant case no payment of any kind or char-

acter or in any amount was made by the association for the purpose of protecting the security of its mortgage, for the reason that before any judgment was obtained establishing and foreclosing any statutory lien against the property, the Keatons paid off and discharged all of such lien claims. Therefore, no indebtedness was ever incurred by the Keatons to the association "equal to the gross amount of the dues and interest for a period of six months," and hence no default in the terms and conditions of the mortgage had occurred at the time the court rendered its judgment of May 22, 1925. Upon these facts being made to appear, the trial court very properly vacated its judgment and granted to the Keatons a new trial of the action. The situation here presented is not unlike the situation presented to this court in the case of Citizens Bank & Trust Co. v. Dill et al., 30 Okla. 1, 118 Pac. 374, where it was stated in the second paragraph of the syllabus:

"When a note and mortgage absolute in its terms has been executed, together with a contemporaneous collateral written agreement changing the absolute liability expressed in the note and mortgage to a contingent liability only, held, that, upon a suit on the note and mortgage, before a recovery can be had, the happening of the contingency stipulated in the collateral agreement must be shown by some evidence."

In the instant case there is no collateral agreement, but by the terms and conditions of the note and mortgage between the parties a contingency is provided for, and the happening of that contingency must be shown by some evidence before the provision for acceleration of payments and foreclosure of mortgage can become a condition binding upon the mortgagors. There is no evidence in this record that the contingency has arisen, and it is, therefore, evident that the cross-petition of the Home Savings & Loan Association filed in this action was prematurely filed, and that the judgment of May 22, 1925, based upon such cross-petition was erroneous.

The order and judgment of the trial court vacating its prior judgment and decree of foreclosure, and granting to the defendants Keaton a new trial is in all things affirmed.

By the Court: It is so ordered.